Stanard. J.
The binding force of such a contract as that on which this suit is brought, and which is admitted by the case agreed, is not contested. The objection to the appellant’s recovery is not founded on the intrinsic invalidity of such a contract, but on the effect ascribed to the bill of sale under his hand and seal, on the legal remedy on the parol contract which formed a part, or was concomitant with the bill of sale. The effect of that deed, it is contended, is to intercept or defeat the remedy at law on the parol contract of the vendee with the vendor; and compel the vendor to seek relief in equity.
If the bill of sale intercepts or defeats the legal remedy on the parol contract intrinsically valid, it must so operate either by merging the parol contract, or by way of estoppel, excluding parol evidence of any matter except that which is expressed on the face of the bill of sale. It cannot operate by merging the parol contract, because the contract of the vendee cannot be merged by the deed of the vendor. It is not an estoppel in evidence of any matter not inconsistent with and contradictory of it; and here the deed is but an execution of the contract on the part of the vendor. This contract is neither inconsistent with nor contradictory of the bill of sale. At most it is but additional. The deed but put the property in the condition in which the contract sued on begins to operate. It was but the execution of this contract, on the part of the vendor: the necessary preliminary to make the case which is the subject of the vendee’s contract, and on which his contract is to operate.
If the appellant is entitled to recover, the measure of damages is free from all reasonable doubt. The difference between the price at which the appellant was en *544 titled under the contract to repurchase the slave, and at which the appellee sold him, is the amount that the appellee made, and the appellant lost, by the violation of the contract; and that is the proper measure of ¿atnage.
My opinion is, that the judgment of the Court below should be reversed, and judgment entered for the appellant for 525 dollars, with interest from the 31st of May 1836, till paid, and costs.
The other Judges concurred. Judgment of the Court below reversed and judgment entered for the appellant.